IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE REED MOORE, SR., | No. 2:16-CV-2641-MCE-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On August 19, 2019, the District Judge dismissed this case without prejudice for lack of prosecution and failure to comply with court rules and orders. See ECF No. 14. The Court thereafter denied Plaintiff's motion for relief from judgment. See ECF No. 17. Plaintiff then filed an appeal of the District Judge's dismissal order and final judgment. See ECF No. 26. On March 23, 2020, the Ninth Circuit Court of Appeals granted Plaintiff's motion for voluntary dismissal of his appeal. See ECF No. 29. On July 20, 2020, the District Judge issued an order denying Plaintiff's motion to remove then-retained counsel, to continue all proceedings, and for relief from judgment. See ECF No. 31. Plaintiff thereafter filed a second appeal. See ECF No. 32.

/ / /

On June 25, 2021, the appellate court issued an unpublished memorandum disposition reversing the District Judge's order denying Plaintiff's motion for relief from judgment. See ECF No. 35. In doing so, the Ninth Circuit stated:

> The district court denied Moore's second and third requests for reconsideration. However, Moore demonstrated in these motions that he experienced attorney abandonment, which can "constitute the extraordinary circumstances necessary to justify relief under Rule 60(b)(6)." *Foley v. Biter*, 793 F.3d 998, 1002 (9th Cir. 2015). We therefore remand to the district court to provide Moore with an opportunity to notify the court as to whether he is proceeding pro se or substituting in another attorney, and an opportunity to serve defendants.
> We do not consider the district court's order dismissing Moore's action for failure to comply with a court order or its order denying Moore's first motion for reconsideration because Moore did not timely appeal from those orders. See Fed. R. App. P. 4(a) (notice of appeal must be filed within 30 days of the entry of judgment or the denial of certain post-judgment motions); *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) ("The court of appeals lacks jurisdiction to decide an appeal if the notice of appeal is not timely filed.").

ECF No. 35.

The Ninth Circuit's mandate remanding the matter was filed on July 19, 2021. See ECF No. 36.

On August 4, 2021, Plaintiff filed a pro se document entitled "Plaintiff's Notification of Replacement of Counsel and Intention to Proceed In Propria Personal in Order to Serve the Named Defendants in This Action." ECF No. 37. On January 3, 2022, the District Judge issued a minute order referring Plaintiff's pro se filing at ECF No. 37 to the undersigned for decision. See ECF No. 39. The District Judge also referred the matter to the undersigned for all pre-trial scheduling. See id.

In his notice, which has been referred to the undersigned for consideration, Plaintiff states that he relieves current counsel, intends to retain replacement counsel, and wishes to proceed pro se in the meantime. See ECF No. 37. Good cause appearing therefor, and following the Ninth Circuit's decision as well as the District Judge's referral, the Court will relieve current counsel and order that this matter be redesignated a pro se prisoner civil rights action. Plaintiff will also be afforded time to retain replacement counsel.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Current retained counsel, Paul Richard Martin, Esq., is relieved;

2. On Plaintiff's request, ECF No. 37, Plaintiff shall proceed pro se;

3. The Clerk of the Court is directed to redesignate this action as a pro se prisoner civil rights action;

4. This matter is stayed for 60 days to allow Plaintiff to retain replacement counsel; and

5. Plaintiff shall file a status report within 60 days of the date of this order regarding replacement counsel.

Dated: February 11, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE