# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE REED MOORE, SR.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT W. FOX, et al.,<br><br>Defendants. | No. 2:16-CV-2641-MCE-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 41, 43.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, Plaintiff contends that he requires appointed counsel because he is an indigent prisoner with "only a non-law college education" and difficulties in accessing legal or discovery-relevant resources.  See ECF No. 41, pg.1.  The Court does not at this time find that Plaintiff has established the required exceptional circumstances.  A review of his file reflects Plaintiff's ability to raise and articulate his claims on his own. Plaintiff has met filing deadlines for motions and appealed to the Ninth Circuit in the course of this proceeding, indicating his capability to comply with court rules and orders.  See ECF No.43, pg.1.  Furthermore, Plaintiff informed the Court of his intention to retain replacement counsel.  See ECF No. 40, pg.2.  Plaintiff has been granted a 60-day extension of time to retain said replacement counsel.  See ECF No. 44, pg. 1.

Moreover, Plaintiff's stated circumstances of having limited access to legal and financial resources are not the exception but the norm for most prisoner litigants.  Additionally, at his stage of the proceedings, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits.  Finally, Plaintiff alleges fairly straightforward claims, including an Eight Amendment violation claim.  Therefore, the factual and legal issues involved in Plaintiff's case do not present themselves as unusually complex.  To the extent Plaintiff's underlying medical condition hampers his ability to meet deadlines assigned by the Court, the Court will entertain reasonable time extensions upon showing of good cause.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel, ECF Nos. 41, 43, are denied.

Dated: June 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE