IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE REED MOORE, SR., | No. 2:16-CV-02641-MCE-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to dismiss, ECF No. 64. Also before the Court is Plaintiff's motion for injunctive relief, ECF No. 68.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

1 | See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2 |     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

    In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///
///
///

Furthermore, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Finally, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants in his original complaint: (1) Robert W. Fox, Warden of the California Medical Facility; (2) G. Thumser, Chief Deputy Warden of the California Medical Facility; (3) Nathaniel M. Elam, Chief Executive Officer of Health Care Services for the California Medical Facility; (4) J. Bick, Chief Medical Officer of the California Medical Facility; (5) Edmund Carolan, Correctional Health Services Administrator of the California Medical Facility; (6) Darla Horgan, Registered Dietician of the California Medical Facility; (7) L.D. Zamora, Chief of California Correctional Health Care Services of the California Medical Facility; and (8) Evelyn Ma Teucci, Director of Policy and Risk Management Services of California Correctional Health Care Services for the California Medical Facility. See ECF No. 1, pgs. 2-3. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs when they failed to provide Plaintiff with his prescribed dietary accommodations. See id., pg. 1.

///

///

Plaintiff is an inmate at the California Medical Facility ("CMF"). See ECF No. 1, pg. 3. Plaintiff states that he developed gastrointestinal problems because of Agent Orange exposure during his time serving in Vietnam, which subsequently resulted in the removal of the lower portion of his esophagus, stomach, small intestine, and large intestine. See id., pg. 4. Plaintiff claims that he was prescribed a special diet by dieticians and physicians at the Natividad Medical Center, University of California San Francisco Hospital, Salinas Valley Memorial Hospital, and Queen of the Valley Hospital. See id.

Plaintiff states that in October 2003, Alvaro C. Traquina, Chief Medical Officer at California State Prison Solano, wrote a memo to Defendant Bick verifying Plaintiff's diet requirements, and the need to place Plaintiff at a facility with a staffed dietician. See ECF No. 1, pg. 4. Plaintiff alleges that on or about April 14, 2004, Defendant Bick signed a memo describing Plaintiff's special diet of six to eight high-protein, lactose-free meals a day, and stated that "plaintiff may be transferred to a facility that can meet his complicated clinical needs." Id. Plaintiff alleges that despite his prescription and the memo signed by Dr. Bick, the Defendants, individually and collectively, have "failed to provide the required diet to Plaintiff." Id.

Specifically, Plaintiff alleges that Defendants Fox and Bick were deliberately indifferent to his serious medical needs when they failed to supervise medical and kitchen staff to ensure that Plaintiff received adequate dietary accommodations as prescribed by his doctors. See ECF No. 1, pgs. 6-7. Plaintiff also claims Defendant Bick knew that denying and delaying Plaintiff's dietary accommodations would result in an excessive risk to Plaintiff's health. See id., pg. 7.

Plaintiff claims that Defendant Thumser failed to provide Plaintiff with dietary accommodations despite being "fully aware that Plaintiff was being deprived of his constitutional rights and…denying or delaying the dietary accommodations was an excessive risk to Plaintiff's health." ECF No. 1, pg. 6.

///
///
///

Furthermore, Plaintiff alleges that Defendants Elam, Carolan, Horgan, Zamora, and Tecucci were deliberately indifferent to Plaintiff's serious medical needs by failing to provide him with dietary accommodations, despite knowing that the denial of Plaintiff's accommodations would result in an excessive risk of Plaintiff's health. See ECF No. 1, pg. 6-8.

Plaintiff contends that Defendants' failure to provide meals consistent with his prescribed dietary requirements resulted in significant weight loss, severe malnutrition, and Dumping Syndrome[1]. See ECF No. 1, pg. 5. Plaintiff seeks monetary damages. See id., pg. 9

## II. DISCUSSION

Pending is Defendants' unopposed motion to dismiss, ECF No 64. Defendants argue: (1) Plaintiff's official capacity claims against all Defendants are barred by the Eleventh Amendment; (2) Plaintiff fails to adequately plead facts sufficient to state a claim for supervisory liability against Defendant Fox and Bick; and (3) Plaintiff's deliberate indifference claims against all Defendants do not meet the applicable pleading standard. See generally ECF No. 64.

### A. Official Capacity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

///

///

///

---

[1] Plaintiff states that Dumping Syndrome is the "accelerated gastric emptying through his rectum of ingested contents 15-30 minutes after Plaintiff eats." ECF No. 1, pg. 5.

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Defendants argue that the Eleventh Amendment bars Plaintiff's official capacity claims because against them Plaintiff seeks only monetary relief, and not prospective declaratory or injunctive relief. See ECF No. 64, pg. 5. According to Defendants:

> Because the state has not consented to the damages action, and no exception applies, Eleventh Amendment sovereign immunity bars all claims against Defendants in their official capacities.

ECF No. 64, pg. 5.

The Court agrees with Defendants. The Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a state or a state agency unless the state or agency consents to such suit. See Nesbit v. Dep't of Pub. Safety, 283 Fed. Appx. 531, 533 (9th Cir. 2008) (concluding that the district court properly dismissed prisoners' claims against defendants acting in their "official capacities"); Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). In his complaint, Plaintiff seeks only monetary relief in the form of general damages. See ECF No. 1, pg. 9. Thus, the undersigned recommends that the official capacity claims against all Defendants be dismissed without leave to amend and that the action proceed against Defendants in their individual capacities.

///

///

**B.** **<u>Supervisory Liability</u>**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See <u>id</u>. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." <u>Iqbal</u>, 662 U.S. at 676.

Defendants Fox and Bick argue that Plaintiff failed to allege sufficient facts demonstrating a plausible claim for supervisory liability. See ECF No. 64, pg. 4. Specifically, Defendants contend that Plaintiff's complaint is devoid of facts that detail how they personally failed to accommodate Plaintiff's dietary needs through their supervisory roles. See <u>id.</u>

///
///
///
///

1    The Court agrees. In his complaint, Plaintiff states that as the Warden of the CMF,
2  Defendant Fox "…failed to perform his duty to supervise medical kitchen and staff to ensure that
3  Plaintiff received adequate dietary accommodations as prescribed by his doctor." See ECF No. 1,
4  pg. 6. Plaintiff also states that Defendant Bick failed "…to ensure that medical and custodial staff
5  which he supervised provided dietary accommodations to inmates with health conditions." Id.,
6  pg. 7.  However, Plaintiff fails to allege facts that causally link Defendant Fox or Bick to the
7  alleged constitutional violation, or demonstrate a custom, policy, or practice implemented by
8  these defendants that was the moving force behind the claimed constitutional violation. Instead, it
9  appears that Plaintiff is asserting a theory of respondeat superior liability, which is not cognizable
10  in a federal civil rights action under § 1983. Accordingly, the Court recommends granting
11  Defendant's motion to dismiss as to Defendants Fox and Bick, who should be dismissed with
12  leave to amend.

13    **C.    Failure to Sufficiently Plead Deliberate Indifference Claim**

14    As noted above, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
15  plain statement of the claim showing that the pleader is entitled to relief" in order to "give the
16  defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp
17  v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
18  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a
19  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
20  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
21  Id. at 555-56.

22    The treatment a prisoner receives in prison and the conditions under which the
23  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
24  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
25  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts
26  of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102
27  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
28  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

"food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See

Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

With respect to the claims of medical deliberate indifference against Defendants Thumser, Elam, Carolan, Horgan, Zamora, and Tecucci, Defendants argue that Plaintiff does not plead sufficient facts to meet the relevant pleading standard. See ECF No. 64, pg. 3. According to Defendants:

> Plaintiff only alleges the titles of the individuals, stating he is suing them in their individual and official capacities, and then asserts that these Defendants denied his dietary accommodations, knowing it would be dangerous to his health. (Compl. 2:21-3:23, 6:77-7:5, 12-8:14, ECF No. 1.) These legal conclusions are devoid of facts.

ECF No. 64, pg. 3.

The Court agrees that Plaintiff's complaint does not plead factual allegations sufficient to satisfy Federal Rule of Civil Procedure 8(a)(2). "At a bare minimum, Rule 8 requires plaintiff to plead facts that specifically identify the actions of the defendant that are alleged to have violated plaintiff's rights, including the "who, what, when, and where" of the incidents giving rise to the claims. Without such factual allegations, the defendant is not put on notice of the claim and its factual basis, and the court cannot evaluate whether the facts would, if ultimately proven, entitle plaintiff to relief." Nelson-Rogers v. Allred, 2021 WL 6064422 (E.D. Cal. 2021).

As to Defendants Elam, Carolan, Horgan, Zamora, and Tecucci, vague and conclusory allegations, such as Plaintiff's general recitation that Defendants were deliberately indifferent to his serious medical needs "…by failing to provide dietary accommodations," are not sufficient to state a cognizable claim under Section 1983. See ECF No. 1, pgs. 6-9. While the "[t]he pleading standard Rule 8 does not require 'detailed factual allegations,'… it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. 662,

678 (2009) (quoting Twombly, 550 U.S. at 555).  With respect to the claim against Defendant Thumser, Plaintiff states in his complaint that Thumser was "…fully aware that Plaintiff was being deprived of his constitutional rights…." See id., pg. 6.  Nonetheless, Plaintiff fails to identify the specific acts or omissions of Defendant Thumser that caused the constitutional deprivation at issue. Accordingly, the undersigned recommends granting Defendants' motion to dismiss the claims against Defendants Thumser, Elam, Carolan, Horgan, Zamora, and Tecucci, with leave to amend.

## III.  CONCLUSION

Based on the foregoing, the Undersigned recommends that:

1. Defendants' unopposed motion to dismiss, ECF No. 64, be GRANTED.
2. This action proceed against Defendants in their individual capacities only.
3. Plaintiff's complaint be dismissed with leave to amend.
4. Plaintiff's motion for injunctive relief, ECF No. 68, be denied without prejudice to renewal upon the filing of a first amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 13, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11