1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   DUANE REED MOORE, SR.,                    No.  2:16-CV-2641-MCE-DMC-P
12              Plaintiff,
13        v.                                   ORDER
14   ROBERT W. FOX, et al.,
15              Defendants.
16

17            Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action
18   pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's objections to the Court's
19   February 21, 2024, findings and recommendations and Plaintiff's motion for the appointment of
20   counsel.  See ECF Nos. 93, 95.  Defendants have responded to both filings.  See ECF Nos. 94, 96.
21            On August 30, 2023, the District Judge directed Plaintiff to file a first amended
22   complaint within 30 days.  See ECF No. 78.  Subsequently, Plaintiff sought and was granted three
23   extensions of time, over Defendants' objection.  See ECF Nos. 83, 87, 91.  As of February 21,
24   2024, Plaintiff had not filed a first amended complaint within the time permitted therefor, and the
25   Court issued findings and recommendations that this action be dismissed without prejudice for
26   lack of prosecution and failure to comply with court rules and orders.  See ECF No. 92.  Plaintiff
27   has filed objections to the Court's findings and recommendations.  See ECF No. 95.  Plaintiff has
28   also filed a renewed motion for the appointment of counsel.  See ECF No. 93.  Defendants have

1    filed responses to Plaintiff's objections and motion for counsel.  See ECF Nos. 94, 96.

2           The Court first addresses Plaintiff's renewed request for the appointment of

3    counsel.  The United States Supreme Court has ruled that district courts lack authority to require

4    counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court,

5    490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the

6    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

7    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

8    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

9    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

10   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

11   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

12   Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

13   of counsel because:

14          . . . Terrell demonstrated sufficient writing ability and legal knowledge to
            articulate his claim.  The facts he alleged and the issues he raised were not
15          of substantial complexity.  The compelling evidence against Terrell made it
            extremely unlikely that he would succeed on the merits.
16
            Id. at 1017.
17

18          In the present case, the Court does not at this time find the required exceptional

19   circumstances.  In his renewed motion, Plaintiff argues that appointment of counsel is warranted

20   primarily because he suffers from carpal tunnel syndrome and, as a result, has limited ability to

21   write.  Plaintiff has attached to his motion documentation of his carpal tunnel condition and

22   limitations as of June 2023, which includes an indication that Plaintiff would be considered for a

23   release procedure.  Plaintiff also includes with his motion the declaration of a fellow inmate who

24   had been assisting Plaintiff.  This individual states that he too suffers medical conditions and, in

25   any event, was expecting release from prison in March 2024.

26   / / /

27   / / /

28   / / /

2

1        It is unknown whether Plaintiff will or will not be able to write sufficiently, given

2  sufficient time, to present his first amended complaint as ordered by the District Judge in August

3  2023.  It is also unknown whether Plaintiff has received any corrective procedure to address his

4  carpal tunnel syndrome given that the most recent documentation presented by Plaintiff is from

5  June 2023.  Therefore, the Court does not find that Plaintiff's carpal tunnel syndrome at this time

6  presents an exceptional circumstance justifying the appointment of counsel.  As to the likelihood

7  of success on the merits, the Court notes that Plaintiff's original complaint has been dismissed for

8  failure to state a claim, though with leave to amend.  Thus, pending the filing of a first amended

9  complaint, Plaintiff has not established any likelihood of success on the merits.  Finally, as

10  currently alleged in the original complaint, the issues in this case are neither factually nor legally

11  complex and appear to relate to a difference of medical opinion which is not actionable.

12        The Court next addresses Plaintiff's objections to the Court's February 21, 2024,

13  findings and recommendations.  These objections are essentially a separate request for the

14  appointment of counsel which, as discussed above, will be denied.  To the extent, however,

15  Plaintiff has lost the assistance of the fellow inmate who had up until now been assisting Plaintiff

16  with this case, and given Plaintiff's carpal tunnel syndrome and possible limitations, the Court

17  will vacate the findings and recommendations and grant Plaintiff additional time to file his first

18  amended complaint.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's renewed request for the appointment of counsel, ECF No. 93, is DENIED.

2.      The findings and recommendations issued on February 21, 2024, ECF No. 92, are VACATED.

3.      Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated:  March 26, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE